# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**CHARLES ASHFORD**  **PLAINTIFF**
**ADC #133975**

v.  No: 4:21-cv-000555 DPM-PSH

**JADA BYERS,** *et al.*  **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following proposed Recommendation has been sent to Chief United States District Judge D.P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Charles Ashford filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on June 21, 2021, while incarcerated at the Arkansas Division of Correction's Maximum Security Unit (Doc. No. 1). Ashford filed an *in forma pauperis* application on July 8, 2021 (Doc. No. 3) and on July 21, 2021 (Doc. No. 5).

Ashford is a "three-striker" under the three-strikes provision of the Prison Litigation Reform Act ("PLRA"). *See Ashford v. Whaley,* 5:09-cv-00086-JLH (E.D. Ark.); *Ashford v. Rucker,* 5:09-cv-00202-SWW (E.D. Ark.); *Ashford v. Washington,* 5:09-cv-00224-JLH (E.D. Ark.). The three-strikes provision requires the court to dismiss a prisoner's *in forma pauperis* action at any time, *sua sponte* or upon a motion of a party, if it determines that the prisoner has

> on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, **unless the prisoner is under imminent danger of serious physical injury.**

28 U.S.C. § 1915(g) (emphasis added). The U.S. Court of Appeals for the Eighth Circuit has explicitly upheld the constitutionality of the three-strikes provision. *See Higgins v. Carpenter*, 258 F.3d 797 (8th Cir. 2001). The Eighth Circuit has clarified that the imminent danger exception applies only when there is a genuine risk of an "ongoing serious physical injury." *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003).

Because Ashford is a three-striker, the Court ordered Ashford to amend his complaint to describe specific facts he relies on to support a claim that there is a genuine risk of ongoing serious physical injury. *See* Doc. No. 4. Ashford was cautioned that an amended complaint would render his original complaint without legal effect, and that only claims properly set out in the amended complaint would

be allowed to proceed. *Id.* In response, Ashford filed a First Amended Complaint (Doc. No. 6).

In his First Amended Complaint, Ashford alleges that on April 2, 2021, he informed defendants Warden Jade[1] Byers and Assistant Warden Harris that defendants Ashley King and Murray Deigh prevented him from using the grievance process and retaliated against him. Doc. No. 6 at 4. He alleges that these defendants then "grabbed [his] head and smashed into [his] cell steel bars and blood gushed out [his] brain" before leaving him for dead and tearing up his grievances. *Id.* Ashford brings claims for retaliation, excessive force, and violation of the prison grievance procedure.[2] In a declaration in support of his First Amended Complaint, Ashford alleges that defendants approached him again on April 17, 2021, and threatened him regarding his continued use of the grievance process and threw "deadly maintenance chemicals" on him. *Id.* at 6. In another supporting declaration, Ashford alleged that on April 24, 2021, King told him she would not process his grievances and threatened to starve him in retaliation for filing grievances. *Id.* at 7.

---

[1] While Ashford spells Byers' first name as Jada and Jade, he is most likely referring to Warden Jared Byers.

[2] Inmates do not have a constitutionally protected right to a grievance procedure or to require prison officials to comply with internal rules or procedures. *See Flick v. Alba,* 932 F.2d 728, 729 (8th Cir. 1991) (per curiam) (federal grievance regulations providing for administrative remedy procedure do not create liberty interest in access to that procedure).

Ashford does not allege that he is presently at genuine risk of an ongoing serious physical injury. He complains of past use of physical force against him, on April 2 and April 17, 2021. Furthermore, he does not claim that King followed through on her alleged threat to starve him, and makes no allegations that he has been denied meals or fed less caloric meals.[3] Rather, Ashford's only allegation of ongoing harm is that his grievances are not being processed. That allegation does not support a constitutional claim, let alone a claim that he is in imminent danger of physical injury. Because Ashford does not describe any threat of imminent danger of serious physical injury, he may not proceed in this case unless he pays the $402 filing and administrative fees in full.

IT IS THEREFORE RECOMMENDED THAT:

1. Ashford's motions for leave to proceed *in forma pauperis* (Doc. Nos. 3 & 5) be DENIED, and this case be DISMISSED WITHOUT PREJUDICE.

2. Ashford be given thirty days to reopen the case by paying the $402 filing and administrative fees in full and filing a Motion to Reopen.

---

[3] Insults or threats generally do not rise to the level of a constitutional violation. *See Hopson v. Fredericksen,* 961 F.2d 1374, 1378 (8th Cir. 1992) (finding officer's use of racial slur and threat to knock prisoner's teeth out was not actionable). The only exception to this rule is when a verbal threat rises to the level of a "wanton act of cruelty" such that the inmate is in fear of "instant and unexpected death at the whim of his allegedly bigoted custodians." *Burton v. Livingston,* 791 F.2d 97, 99–100 (8th Cir. 1986).

DATED this 25th day of August, 2021.

_____
UNITED STATES MAGISTRATE JUDGE